UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | | |
|---|---|---|
| KEITH ROGERS, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 09-03-ART |
| | ) | |
| v. | ) | |
| | ) | |
| WARDEN J.C. ZUERCHER, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |

\*\*\*\*\*   \*\*\*\*\*   \*\*\*\*\*

Petitioner Keith Rogers ("Rogers"), an inmate confined at the United States Penitentiary-Big Sandy in Inez, Kentucky ("USP-Big Sandy"), has filed an amended *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, R. 9,  a motion for leave to file a memorandum in support of his petition, R. 10, and an Application for Subpoena Forms, R. 11.

This matter is before the Court for screening pursuant to 28 U.S.C. § 2243.  At the screening phase, this Court has a duty to dismiss any petition that "is frivolous, or obviously lacking in merit, or where . . . the necessary facts can be determined from the petition itself without need for consideration of a return."  *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (citing *Higgins v. Steele*, 195 F.2d 366 (8th Cir. 1952); *Farley v. Skeen*, 113 F. Supp. 736 (N.D. W. Va. 1953)).  As Rogers is appearing *pro se*, his petition is held to less stringent standards than those drafted by attorneys.  *Fazzini v. Ne. Ohio Corr. Ctr.*, 473 F.3d 229, 231 (6th Cir. 2006) (quoting *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001)).  During screening, the allegations in the petition are taken as true and are liberally construed in favor of the *pro se* litigant.  *Cf.*

*Urbina*, 270 F.3d at 295 (holding that allegations must be taken as true and construed in favor of petitioner in ruling on a motion to dismiss (citing *Malone v. Colyer*, 710 F.2d 258 (6th Cir. 1983))).  Even viewing the petitioner's allegations in this favorable light, however, the Court concludes that the petition is "frivolous" and "obviously lacking in merit."

## I.   FACTUAL BACKGROUND

In his petition, Rogers indicates that on March 19, 1992, he was convicted by a jury of "First Degree Murder While Armed (Premeditated); Assault with Intent to Kill While Armed; Carrying a Pistol Without a License; and Possession of a Firearm During a Crime of Violence," in the Superior Court of the District of Columbia.  R. 9 at 2.  The trial court sentenced him to a 30-year term of incarceration, and the United States Court of Appeals for the District of Columbia affirmed his conviction.  *Id*.  Rogers notes that he has previously challenged his conviction for ineffective assistance of counsel in a prior proceeding under D.C. Code § 23-110. *Id*.

In his present challenge, Rogers asserts that his conviction and present incarceration are invalid because he was never indicted by a grand jury of the offenses for which he was convicted.[1]  R. 9 at 4-5.  In his motion to file a memorandum in support of his petition, Rogers includes argument to the effect that the failure to indict a defendant deprives the trial court of

---

[1]  The Court notes that Rogers has attached exhibits to his own petition that appear to cast doubt on his own claim, R. 9 Attachment 1 at 2-5.  This attachment is from the Superior Court of the District of Columbia and states "Grand Jury Sworn in on July 29, 1991" and then purports to charge Rogers with eight counts, including those underlying his conviction.  Without the full procedural record, this Court cannot determine what happened between these charges and Rogers ultimate conviction.  However, this determination is not necessary to Rogers current petition for habeas relief.

jurisdiction to convict on the offense and violates his Fifth Amendment right to due process. *See* R. 10.

## II.   DISCUSSION

Rogers attacks his conviction and sentence imposed by the Superior Court of the District of Columbia because he claims that he was never indicted for the crimes of which he was convicted. Clearly, he could have brought this claim on direct appeal or under section 23-110. Taking his allegations as true, he knew or should have known that he was not indicted for the crimes of which he was convicted when he was in fact convicted.

Criminal defendants in the District of Columbia have two mechanisms by which they can challenge their conviction: (1) direct appeal and (2) collateral attack under D.C. Code § 23-110. Section 23-110 provides in pertinent part:

> "[An] application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section shall not be entertained by ... any Federal ... court if it appears ... that the Superior Court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention."

Thus, to bring his claim in this Court, Rogers must demonstrate that his other remedies were "inadequate or ineffective" to test the legality of his detention. *See Blair-Bey v. Quick*, 151 F.3d 1036, 1042-43 (D.C. Cir. 1998) ("the DCCRCPA entirely divested the federal courts of jurisdiction to hear habeas corpus petitions by prisoners who had a section 23-110 remedy available to them, unless the petitioner could show that the section 23-110 remedy was 'inadequate or ineffective'"). He has failed to do so.

3

Further, "[n]o circuit court has to date permitted a post-AEDPA [Anti-Terrorism and Effective Death Penalty Act, which amended Section 2255] petitioner who was not effectively making a claim of 'actual innocence' to utilize § 2241 (via § 2255's 'savings clause') as a way of circumventing § 2255's restrictions on the filing of second or successive habeas petitions." *Martin v. Perez*, 319 F.3d 799, 804 (citing *Charles v. Chandler*, 180 F.3d 753, 757 (6th Cir. 1999). *See also Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002) ("a claim of error in addressing the sort of constitutional theory that has long been appropriate for collateral review does not render § 2255 'inadequate or ineffective.'").

Moreover, this is his third attempt at judicial review – his appeal; his first collateral attack pursuant to § 23-110; and then he filed a collateral attack in the United States District Court in the District of Columbia.  Indeed, the D.C. Circuit has already stated that Rogers cannot demonstrate his previous remedies were inadequate or ineffective: "Appellant [Rogers] may not challenge his District of Columbia conviction in federal court unless his remedy under D.C. Code §23-110(g) is inadequate or ineffective to test the legality of his detention."[2]  Rogers does not argue, nor would his claim suggest, that his remedy pursuant to Section 23-110 is "inadequate or ineffective" to test the legality of his detention.

Rogers has not shown that his § 23-110 motion was inadequate or ineffective to test the legality of his detention. Therefore, his petition for a writ of habeas corpus pursuant to § 2241 must be denied.

---

[2]  This procedural history was not filed by Petitioner in this case.  Rather, this information was obtained through the Public Access to Electronic Records Website ("PACER").

4

**III.**   **CONCLUSION**

Accordingly, it is **ORDERED** that:

1.       Rogers's petition for a writ of habeas corpus, R. 9, is **DENIED.**

2.       Rogers's motion for leave to file a memorandum in support of his petition, R. 10,

and Application for Subpoena Forms, R. 11, are **DENIED AS MOOT**.

3.       This action is **DISMISSED**, *sua sponte*, from the Court's docket.  Judgment shall

be entered contemporaneously with this Memorandum Opinion and Order in

favor of the Respondent.

This the 27th day of February, 2009.

Signed By:

*Amul R. Thapar*

**United States District Judge**